UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN T. KAWAHARA, Individually and as Trustee of the John T. Kawahara and Barbara J. Kawahara Revocable Trust, UTD 12/17/1992, BARBARA J. KAWAHARA, Individually and as Trustee of the John T. Kawahara and Barbara J. Kawahara revocable Trust, UTD 12/17/1992,<br><br>Plaintiffs,<br><br>v.<br><br>BENJAMIN W. KENNEDY, FENNEMORE CRAIG, P.C., JONES VARGAS CHARTERED,<br><br>Defendants. | 3:14-cv-00012-MMD-WGC<br><br>**ORDER**<br><br>Re: Doc. # 39 |

Before the court is the parties' Stipulated Motion to Determine Waiver of Attorney-Client Privilege, Duty of Confidentiality, and Work Product Privilege or that Such Privileges and Duties do not Apply. (Doc. # 39.)[1]

**I. BACKGROUND**

On January 7, 2014, Plaintiffs filed their Complaint for Fraud and Conspiracy to Defraud. (Doc. # 1.) They filed an Amended Complaint on January 22, 2014. (Doc. # 6.) Plaintiffs allege that in 2009, they agreed to loan their longtime, close personal friends, Wayne and Gail Allison (the Allisons) $400,000 in exchange for the Allisons' agreement to execute a promissory note secured by a third deed of trust on their residence. According to Plaintiffs, the Allisons were represented in the transaction by Mr. Kennedy of the law firm Jones Vargas. They contend that around the same time they finalized the documents on their loan to the Allisons, and unbeknownst to them, Mr. Kennedy was representing the Allisons in negotiations for another loan in excessive of one million dollars from Robert Steve Hardy, Trustee of the Hardy

---

[1] Refers to court's docket number.

1  Community Trust, under Trust Adopted February 1, 1999 (Hardy). Plaintiffs aver that the
2  Allisons, with knowledge of Mr. Kennedy, also promised Hardy a third deed of trust to secure
3  his loan in the amount of $1,270,000. Despite the Allisons' assurances to Plaintiffs that their deed
4  of trust had been recorded, it was not recorded until mid-February 2011, *after* the Hardy deed of
5  trust was recorded in third position, placing their deed of trust in fourth position. Plaintiffs'
6  contend that the Allisons instructed Mr. Kennedy not to record their deed of trust until after the
7  Hardy loan funded and the Hardy deed of trust was recorded, and Mr. Kennedy complied, to
8  Plaintiffs' detriment.

9  The Allisons and their automotive dealership subsequently filed for Chapter 7 bankruptcy
10 protection in November 2011, and Plaintiffs learned in March 2012 that their deed of trust was
11 not in third position, and in fact was behind the Hardy deed of trust. The sale of the property was
12 approved by the bankruptcy court in April 2012 which generated enough proceeds to pay the
13 costs of sale and holders of the notes secured by the first three deeds of trust (through the Hardy
14 deed of trust, but not Plaintiffs). (*Id*.) There were additional sales proceeds in the amount of just
15 over $500,000 to which both the Nevada Department of Taxation and Plaintiffs laid claim, and
16 which they are still litigating. (*Id*.)

17 Plaintiffs assert claims for intentional misrepresentation, intentional concealment,
18 negligent misrepresentation, accessory liability, conspiracy, aiding and abetting, acting in
19 concert, breach of contract, professional negligence, and consumer fraud.

20 Defendants have filed a motion to dismiss, which is fully briefed and remains pending.
21 (Doc. # 13.) A scheduling order was entered on June 30, 2014. (Doc. # 37.)

## II. INSTANT MOTION

23 On November 17, 2014, the parties filed the instant motion. (Doc. # 39.) The parties
24 request that the court enter an order determining that the Allisons have waived the attorney-client
25 privilege, the duty of confidentiality, and the work-product privilege as it relates to their prior
26 representation by Mr. Kennedy and Jones Vargas. In the alternative, they ask that the court enter
27 an order confirming the attorney-client privilege, the duty of confidentiality, and the work-
28 product privilege do not preclude Mr. Kennedy and Jones Vargas from disclosing otherwise

1  privileged or confidential information because they must be able to defend themselves against
2  the allegations raised by the Plaintiffs.
3  The parties assert that many of Plaintiffs' allegations are based upon a deposition of
4  Wayne Allison taken as part of Plaintiffs' litigation with the State of Nevada Department of
5  Taxation, an adversary proceeding in the Allisons' bankruptcy proceeding. (*Id*. at 2-3.) In that
6  deposition, Mr. Allison was asked by Plaintiffs' attorney in that action about communications he
7  had with Mr. Kennedy regarding their note and deed of trust. (*Id*. at 3.) Mr. Allison was asked
8  whether in answering the questions he was knowingly willing to waive the attorney-client
9  privilege. (*Id*.) Mr. Allison unequivocally answered that he understood the attorney-client
10 privilege between himself and Mr. Kennedy and that agreed to waive the privilege and answer
11 the question. (*Id*.) Mr. Allison went on to answer questions about his communications with
12 respect to Plaintiffs' loan as well as the Hardy loan. (*Id*. at 3-4.) Mrs. Allison was also present at
13 the deposition, and neither invoked the privilege nor instructed her husband not to answer
14 questions posed during the deposition. (*Id*. at 4.)
15 Plaintiffs' counsel in this action communicated with Mr. Allison in an effort to get him to
16 confirm his prior waiver of the attorney-client privilege, work product privilege, and duty of
17 confidentiality in writing. (*Id.*) The Allisons initially agreed that they would do so, but Plaintiffs'
18 counsel represents that when they were presented with the proposed confirmation, they refused
19 to execute the document. (*Id*.)
20 Defendants contend that in order to defend against Plaintiffs' allegations, they will be
21 required to disclose otherwise privileged information relative to their representations of the
22 Allisons regarding Plaintiffs' loan and the Hardy loan (Defendants dispute that they represented
23 the Allisons with respect to the Hardy loan). As such, the parties to this litigation have filed this
24 motion asking the court to confirm that the Allisons have waived the applicable privileges and
25 duty of confidentiality, and that Defendants may disclose information reasonably necessary to
26 defend against Plaintiffs' allegations. (*Id*. at 7.)
27 ///
28 ///

### III. CONCLUSION

While the court is inclined to agree generally with the parties that the Allisons' waived the applicable privileges and duty of confidentiality with respect to communications made to Mr. Kennedy regarding Plaintiffs' loan and the Hardy loan, there is no active dispute before the court to determine. The parties have not proffered an identifiable communication which they intend to utilize to prosecute or defend their respective claims or defenses. Without referring to a specific communication or information that they intend to utilize in connection with a motion, or at trial, the court cannot rule as to the scope of any waiver. Moreover, the parties appear to be in agreement that the Allisons' waived the applicable privileges and duty of confidentiality. The parties are essentially asking the court for legal advice as to whether they should offer communications between Mr. Kennedy and the Allisons in support of their claims or defenses, in view of potential ramifications of their decision vis a vis the Allisons (given that they refused to confirm the waiver in writing). They are, in effect, improperly asking the court to issue what amounts to an advisory opinion on this issue.  Accordingly, the parties' stipulated motion (Doc. # 39) is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 19, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE