William E. Peterson, No. 1528
Nathan G. Kanute, No. 12413
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada  89501-1961
Telephone:  775.785.5440
Facsimile:  775.785.5441
Email: wpeterson@swlaw.com
       nkanute@swlaw.com

James R. Condo (AZ Bar #005867,
admitted *pro hac vice*)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
Email: jcondo@swlaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John T. Kawahara, et al.,<br><br>                        Plaintiffs,<br><br>        vs.<br><br>Benjamin W. Kennedy, et al.,<br><br>                        Defendants. | Case No. 3:14-cv-00012-MMD-WGC<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs, John T. Kawahara and Barbara J. Kawahara, individually and as Trustees of the John T. Kawahara and Barbara J. Kawahara Revocable Trust, U/T/D 12/17/1992 (collectively, "Plaintiffs"), and Defendants Benjamin W. Kennedy, Fennemore Craig, P.C. ("Fennemore Craig"), and Jones Vargas Chartered ("Jones Vargas"), by and through their respective counsel, have agreed to enter into a protective order pursuant to Federal Rule of Civil Procedure 26(c) to be applied to this matter.  The Parties agree that a protective order is required to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and adequately protect confidential material.  Accordingly, the Parties respectfully request that the following protective order be entered by the Court:

21508700

IT IS HEREBY ORDERED that:

1. This Stipulated Protective Order ("Protective Order") shall apply to all information, materials, or things subject to discovery in this action and produced from and after the agreement of the Parties to the terms of the Protective Order ("Discovery Materials"), including, without limitation, documents, testimony, and responses to information and discovery requests provided pursuant to the Federal Rules of Civil Procedure, which contain proprietary, confidential, or commercially sensitive information. The term "Party" (or, collectively, "Parties") means Plaintiffs, Benjamin W. Kennedy, Fennemore Craig, and Jones Vargas.

2. Discovery Materials may be designated, in appropriate circumstances, as CONFIDENTIAL by a Party or non-party. The CONFIDENTIAL designation shall only be used for information or material that is intended by a Party or non-party to be CONFIDENTIAL, as to which the Party or non-party has exercised reasonable steps to maintain its secrecy, and as to which the Party or non-party believes, in good faith, that there is good cause for CONFIDENTIAL treatment. Notwithstanding the fact that a document, portion of a document or category of documents is specifically encompassed by the above definition, each Party reserves its rights to object to the production of any such documents or any other grounds as may be available by law or rule of procedure.

3. Discovery Materials may be designated as CONFIDENTIAL by a Party or non-party by stamping the words CONFIDENTIAL on the face of each page of the document or designating information as CONFIDENTIAL by reference to the document and page number being designated. Notwithstanding a Party or non-party's failure to stamp a document as CONFIDENTIAL or designate by reference, the Parties agree that all Discovery Materials provided pursuant to this Protective Order shall be treated as CONFIDENTIAL until such time, if any, that contrary treatment is permitted pursuant to the terms of this Protective Order.

4. Any Party or non-party may designate deposition testimony or any portion of deposition testimony CONFIDENTIAL by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Any portions of any deposition designated CONFIDENTIAL may only be filed with the Court if the provisions of Paragraph 5

1  below are complied with.  Whenever any Discovery Materials designated as CONFIDENTIAL are identified as an exhibit in connection with testimony given in this civil proceeding, they shall be so marked and, if sought to be filed with the Court, the Party shall seek approval from the Court to file the CONFIDENTIAL exhibit under seal with the Court, as provided in Paragraph 5 below.

5. Absent a stipulation between the Parties or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Discovery Material that has been designated as CONFIDENTIAL.  The Party seeking to file any document with the Court that contains any CONFIDENTIAL information shall seek approval to file that document under seal.  If a Party wishes to file or lodge Discovery Materials containing CONFIDENTIAL information under seal, the other Party shall not unreasonably withhold agreement to such procedure.  If an agreement is reached, the parties shall submit to the Court a joint motion for leave to file or lodge those documents under seal.  Pursuant to LR 10-5, if no such agreement is reached, such papers shall be filed with the Court under seal and must be accompanied by a motion for leave to file those documents under seal. In either event, such motions and accompanying documents shall be filed in accordance with the court's electronic filing procedures.  If papers are filed under seal pursuant to prior court order, the papers shall bear the following notation on the first page, directly under the case number "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____."  Further, in the event any stamped CONFIDENTIAL document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, the party seeking protection will have an opportunity to ask the Court to preserve the confidentiality of that stamped CONFIDENTIAL document as the Court deems appropriate, consistent with the Ninth Circuit's opinion in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Until the Court makes a determination on the preservation of confidentiality, such protected documents and information shall be filed under seal and maintained under seal by the Clerk until further order of this Court in accordance with this Order and LR 10-5. The use of any protected document or of the information contained

- 3 -

21508700

therein and any testimony associated with the protected information contained therein shall be held in camera, if necessary, to prevent disclosure to nonparties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and information, unless the Court orders otherwise upon good cause shown. If a Party seeks to file under seal any CONFIDENTIAL information, and the Court denies the request to file under seal, then within seven (7) days thereafter, the designating Party must file a request with the Court to seal the Discovery Materials containing the CONFIDENTIAL information, along with a supporting declaration, otherwise the CONFIDENTIAL information will be filed in the public record.

6. Except upon prior written consent of the Party asserting CONFIDENTIAL treatment or upon further order of a court of competent jurisdiction, information or material designated as CONFIDENTIAL shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this civil proceeding, and shall not be used for any other purposes.

7. Except as otherwise provided for in Section 9 of this Protective Order, all CONFIDENTIAL information and material shall remain in the possession of counsel for the respective Parties, and be stored in a secure place.

8. (a) No Party concedes that any information or material designated by another Party as CONFIDENTIAL does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as CONFIDENTIAL. Notwithstanding the provisions of Section 11 below, any Party may at any time, on reasonable notice, move for (i) modification of this Protective Order, or (ii) relief from the provisions of this Protective Order with respect to specific information or material, including without limitation the use of CONFIDENTIAL information or material as exhibits at depositions, and in addition, the parties may agree to necessary modifications of this Protective Order. Should any Party hereto seek to utilize any CONFIDENTIAL information or material at the hearing of this matter, counsel for such Party shall meet with counsel for the opposing Party in an effort to agree upon a procedure to ensure the confidentiality of such information or material. In the event counsel is unable to reach agreement, the matter will be submitted to the Court for resolution.

21508700

(b) A Party shall not be obligated to challenge the propriety of the designation of information or material as CONFIDENTIAL at the time made, and failure to do so shall not preclude a subsequent challenge thereof.  If a Party challenges such designations, it shall send and give notice to counsel for the Party who designated the document CONFIDENTIAL and they shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, the challenging Party may apply for an appropriate ruling from the Court.  This Protective Order shall not and does not change any burden of going forward or burden of proof in any proceeding before the Court.  The CONFIDENTIAL information or material in issue shall continue to be treated as CONFIDENTIAL until the Court orders otherwise or the Parties otherwise agree.

9. Except with the prior written consent of the Parties or upon prior order of the Court obtained upon noticed motion, information or material designated as "CONFIDENTIAL" shall not be shown, delivered, or disclosed to any person other than:

a) The Parties to this litigation;

b) The Parties' litigation counsel of record or members of such counsel's firm, including associates for the respective Parties to this litigation, and paralegal, clerical, secretarial, and administrative employees of such counsel assigned to assist in the preparation of this litigation;

c) Any employee of any of the Parties involved in the litigation or any employee of any affiliate of a Party (if such employee is involved in the litigation on behalf of a Party), and any in-house attorneys for the respective parties who are advising the parties, including paralegals, clerical, secretarial, and support staff of counsel assigned to assist in the preparation of this litigation.

d) Employees of any professional photocopy service or other litigation support service utilized by counsel in the preparation of this litigation;

e) Any author, recipient, or producing Party of such material;

f) The Court and any persons employed by the Court whose duties require access to such material;

21508700

    g) Any independent expert retained to assist in the preparation of this case or to testify at trial or any other proceeding in this action. This includes stenographic and clerical employees associated with such persons; and

    h) Court reporters and other persons involved in recording deposition testimony in this action by any means.

  Any person or entity receiving or possessing CONFIDENTIAL information or material subject to this Section 9 after the effective date of this Protective Order, other than the Parties who are bound by this Protective Order and those persons or entities described in subsections (f) and (h), shall be bound by the terms of this Protective Order and shall execute the "Acknowledgement and Agreement to be Bound" in the form attached hereto as "Exhibit A." Any such person or entity receiving or possessing CONFIDENTIAL information under or pursuant to this section shall also keep and maintain such materials in a secure place.

  10. Provided all the procedures of governing disclosure as set forth herein are followed and complied with, neither the provisions of this Protective Order nor the filing of any information or material under seal shall prevent the use, in open court, at any hearing, or at trial of this case, of any information or material that is subject to this Protective Order or filed under seal pursuant to its provisions.

  11. Unless ordered by a Court or agreed to in writing by the Parties, all material designated as CONFIDENTIAL pursuant to this Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

    a) In the event that any Party objects to the designation of any information or material, such Party may, in writing, request the designating Party to remove or change the designation. Such written request shall specifically identify the information or material at issue.

    b) The designating Party shall respond in writing within five (5) business days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the Parties. If the designating Party refuses to remove to change the designation as requested, its written response shall state the reasons for this refusal. Failure to provide a timely written response shall be deemed a refusal of the request.

21508700

c) If the designating Party fails to respond to a request or refuses to remove or change the designation, the Party requesting re-designation shall have three (3) business days to file a motion seeking such re-designation. It shall be the burden of the designating Party to establish that the information or material is correctly designated within the meaning of this Protective Order, and applicable case law.

d) In the event of such a motion, the information or material at issue may be submitted to the Court for in camera inspection.

12. The Parties understand and agree that this Protective Order does not waive any additional privilege, right of privacy or right of confidentiality that may apply to any interrogatory or request for production served by any Party. Further, this stipulation does not waive or abrogate any objection made by any Party in response to any other interrogatory or request for production.

13. The provisions of this Protective Order shall not terminate at the final conclusion of this litigation. This Protective Order shall remain in full force and effect in perpetuity unless modified, superseded or terminated by written consent of the parties or by order of the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcement of the terms of this Protective Order for as long as the Protective Order remains in effect. The Court shall not be divested of the power to enforce the terms of this Protective Order as to any persons subject to the Protective Order by the final conclusion of this litigation or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting this Court of jurisdiction of this matter generally.

14. No later than 45 days after the final adjudication of this action, including any appeals, and upon written request by a designating Party, all information or material designated pursuant to this Protective Order shall be returned to the designating Party or shall be destroyed (provided, however, counsel for each Party may retain one copy of any designated document, which will remain subject to this Protective Order), unless a motion seeking modification of this Protective Order is filed. In the event that such information or material is destroyed, the person or persons responsible for such destruction shall certify in writing to the completion and manner of

1  destruction.  This provision shall not apply to file copies of pleadings, briefs, and correspondence maintained by the Parties' counsel in their respective litigation files in the ordinary course of business.

    15.    The Court retains jurisdiction to make such amendments, modification, and additions to this Protective Order as it may from time to time deem appropriate.  Any Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of confidential information or material.

Dated: May 26, 2015

| s/ Nathan G. Kanute | /s/ Richard G. Hill (with permission) |
|---|---|
| William E. Peterson, No. 1528<br>Nathan G. Kanute, No. 12413<br>SNELL & WILMER L.L.P.<br>50 West Liberty Street, Suite 510<br>Reno, Nevada  89501-1961<br>Telephone:  775.785.5440<br>Facsimile:  775.785.5441<br>Email:  wpeterson@swlaw.com<br>         nkanute@swlaw.com | Richard G. Hill, No. 596<br>Sophie A. Karadanis, No. 12006<br>Richard G. Hill, LTD<br>652 Forest Street<br>Reno, NV 89509<br>Telephone: 775-348-0888<br>Facsimile: 775-348-0858<br>rhill@richardhillaw.com<br>skaradanis@richardhillaw.com |
| James R. Condo (AZ Bar #005867, admitted *pro hac vice*)<br>SNELL & WILMER L.L.P.<br>One Arizona Center<br>400 E. Van Buren, Suite 1900<br>Phoenix, Arizona  85004-2202<br>Telephone:  602.382.6000<br>Facsimile:  602.382.6070<br>Email:  jcondo@swlaw.com<br>*Attorneys for Defendants* | *Attorneys for Plaintiffs* |

**ORDER**

The Stipulated Protective Order of the parties (Doc. # 53) is approved with the exception of the terms in paragraph 13 which state that the court retains jurisdiction beyond the final conclusion of this litigation (possibly "in perpetuity" as suggested in paragraph 13). The court will retain jurisdiction for 45 days after the final adjudication of this action in the U.S. District Court in order to ensure compliance with paragraph 14 of the Stipulated Protective Order. However, the court will not otherwise retain jurisdiction of this matter except as authorized by law.

IT IS SO ORDERED this 2nd day of June, 2015.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE

- 8 -

21508700

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2015, in the case of John T. Kawahara, et al. vs. Benjamin W. Kennedy, et al., Case No. 3:14-cv-00012-MMD-WGC. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

21508700